Virgil Draper & another *vs.* Charter Oak Fire Insurance Company.

One who accepts a policy of insurance in which it is expressly provided that it is agreed and declared that the policy is made and accepted upon and in reference to the application filed in the office, is thereby concluded from denying that the application is his, and cannot set up that it was made by an agent employed by him to procure insurance upon his property, but without authority to bind him by representations in the application.

A denial in the application that incumbrances exist upon property to be insured, in reply to a direct inquiry upon that subject, when in fact mortgages thereon do exist, and are known to exist by the applicant, will avoid a policy issued on such application, by a stock insurance company, for a premium fully prepaid, if the policy states upon its face that it is agreed and declared that it is made and accepted upon and in reference to the application, and to terms and conditions of insurance annexed, one of which provides that such application shall be taken and deemed to be a part of the policy, and a warranty on the part of the assured; although the application contains also a provision, at the end of it, that the applicant covenants that " the foregoing is a full, just and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, and are material to the risk."

Contract upon a policy of insurance issued by the defendants, a stock insurance company of Hartford, Connecticut, upon the plaintiffs' building in North Attleborough, and containing, amongst others, a provision that it was agreed and declared that "this policy is made and accepted upon and in reference to the application, plan, description or survey filed in this office, and the terms and conditions hereunto annexed, which are to be used and resorted to in order to explain the rights of the parties

48*

hereto ; " and that " no part of this contract can be waived except in writing signed by the secretary." One of the conditions annexed was as follows : " When a policy is made and issued upon an application or survey, plan or description of certain property, such application or survey, plan or description shall be taken and deemed to be a part and portion of such policy, and warranty on the part of the assured."

The case was submitted to the decision of the court upon a statement of facts, so much of which as is material to the understanding of the points decided was as follows : The policy was issued upon an application or survey in writing, purporting to be made in behalf of the plaintiffs, and filed in the defendants' office, which contained the following question and answer in reference to the property insured : " Is it incumbered by mortgage or otherwise ? If so, for what sum ? " Answer, " No." At the end of the application was the following provision : " And the said applicant hereby covenants and agrees to and with the said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, and are material to the risk."

At the date of the application and policy, the property insured was subject to two mortgages, both of which remained outstanding and unsatisfied until the fire by which the property was destroyed. The application was not in the handwriting of the plaintiffs, and was not signed. But the plaintiffs had authorized one Robley, through whom they had effected a previous insurance on the property, which had expired, and to whom they had then disclosed the existence of the two mortgages, to procure an insurance in some good stock office, told him that the property was situated as it was before, and requested him to apply for insurance in one of several companies named by him, of which the defendants were one ; and he then, without asking them any more questions, filled out the application and sent it to the defendants.

*B. F. & H. L. Hallett,* for the plaintiffs. The plaintiffs are

not bound by the statements of Robley in the application. *Denny* v. *Conway Ins. Co.* 13 Gray, 493. *Lobdell* v. *Baker*, 1 Met. 193. *Snow* v. *Perry*, 9 Pick. 542. The policy is not void by reason of misrepresentation as to the mortgages, because, (1) such forfeiture applies only to mutual insurance companies; (2) there is no agreement in the present case that the policy should be void for such reason; (3) the misrepresentation was not material to the risk. There is no case in which a policy of a stock company, issued upon a premium prepaid in full, has been held void by reason of a mistake or misstatement as to a mortgage, if the insured had an insurable interest. *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 431; S. C. 8 Gray, 42. *Liscom* v. *Boston Ins. Co.* 9 Met. 205. *Smith* v. *Bowditch Ins. Co.* 6 Cush. 449. *Buffum* v. *Bowditch Ins. Co.* 10 Cush. 540. *Allen* v. *Charlestown Ins. Co.* 5 Gray, 384 *Nichols* v. *Fayette Ins. Co.* 1 Allen, 63. *Wyman* v. *People's Ins. Co.* Ib. 301. An omission or denial of what is immaterial does not avoid a policy, if the agreement be only to disclose what is material. And in the absence of an express agreement or require-ment, an omission to disclose incumbrances is immaterial. *Tebbetts* v. *Hamilton Ins. Co.* 1 Allen, 305. *Strong* v. *Manuf. Ins. Co.* 10 Pick. 40. *Curry* v. *Commonwealth Ins. Co.* Ib. 535. *Vose* v. *Eagle Ins. Co.* 6 Cush. 42. *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 425. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419. The covenant at the end of the application brings this case within *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139, and *Tebbetts* v. *Hamilton Ins. Co.* 1 Allen, 305. The answer is qualified by the agreement.

*H. Gray, Jr.* for the defendants, cited *Miles* v. *Connecticut Ins. Co.* 3 Gray, 580. *Tebbetts* v. *Hamilton Ins. Co.* 1 Allen, 305. *Burritt* v. *Saratoga County Ins. Co.* 5 Hill, (N. Y.) 190. *Vose* v. *Eagle Ins. Co.* 6 Cush. 44. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 431; S. C. 8 Gray, 44. *Denny* v. *Conway Ins. Co.* 13 Gray, 496, 497. *Locke* v. *North Amer. Ins. Co.* 13 Mass. 68. *Bixby* v. *Franklin Ins. Co.* 8 Pick. 89. *Strong* v. *Manuf. Ins. Co.* 10 Pick. 45. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Packard* v.

*Agawam Ins. Co.* 2 Gray, 334. *Edmands* v. *Mutual Ins. Co.* 1 Allen, 312. *Richardson* v. *Maine Ins. Co.* 46 Maine, 396. *Tyler* v. *Ætna Ins. Co.* 12 Wend. 512; S. C. 16 Wend. 396. *Smith* v. *Columbia Ins. Co.* 17 Penn. State R. 261. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 420, 421. *Wilbur* v. *Bowditch Ins. Co.* 10 Cush. 449. *Lee* v. *Howard Ins. Co.* 3 Gray, 583. 1 Phil. Ins. § 542, & cases cited. *Anderson* v. *Fitzgerald,* 4 H. L. Cases, 496, 503–508. *Liberty Hall Association* v. *Housatonic Ins. Co.* 7 Gray, 266. *Tate* v. *Citizens' Ins. Co.* 13 Gray, 82.

MERRICK, J. The defendants contend that the false representation of the plaintiffs, in their application for insurance, made in answer to a direct question proposed to them upon the subject, that there was no incumbrance upon the property, when in fact there were two valid outstanding mortgages upon it, both of which were known to them, avoids the policy. The plaintiffs deny that they are bound by the application, or responsible for or liable to be affected by anything contained in it, because it was never signed by them or by any one else, and also because it was never by their consent or permission delivered to or filed in the office of the defendants. They claim that Robley was their agent only for the limited purpose of procuring insurance upon their property, and that he was never authorized to make in their behalf any representations, or to answer any questions which might be proposed concerning it.

But they concede that Robley was authorized to procure insurance for them upon their property, and that, acting as their agent for this purpose, he did procure the policy which is declared on in this action, and that they accepted it, and now seek to enforce it against the defendants as a valid contract. And it is an admitted fact, that in procuring the policy he did file in the office of the defendants the application which contains the answer upon which the defendants rely as a false representation. In this policy it is distinctly stated and declared, that the parties agree that the policy is made and accepted upon and in reference to the said application. The plaintiffs having accepted this as a contract, to the benefits of which they are entitled, and insisting upon their right to enforce against the defendants the

performance of all the stipulations it contains, they are concluded from denying, against the express statements in the policy itself, that the application upon which it issued was their application. This is not dissimilar in principle from the obligation upon the grantee which arises upon the acceptance of a deed poll containing reservation of duties to be performed by him, upon the breach of which an action of contract may be maintained. *Goodwin* v. *Gilbert,* 9 Mass. 510. *Newell* v. *Hill,* 2 Met. 180. *Swasey* v. *Little,* 7 Pick. 296. *Felch* v. *Taylor,* 13 Pick. 133. It makes no difference that for certain other purposes Robley was also the agent of the defendants. *Lee* v. *Howard Ins. Co.* 3 Gray, 583.

But the plaintiffs further contend, that even if they are to be considered as having made the application by their authorized agent, and to be responsible for all the representations contained in it, the mistake, or misstatement by them as to incumbrances upon the property by outstanding mortgages, in answer to a direct question proposed to them, is insufficient to invalidate or avoid the policy, because the defendants are a stock corporation, and the representation was in relation to a matter not material to the risk. It is conceded that, if the policy had been made by a mutual insurance company, all its obligations would have been annulled by such a misrepresentation. This, in view of the numerous decisions upon the question, could not, of course, be denied. *Bowditch Ins. Co.* v. *Winslow,* 3 Gray, 431; S. C. 8 Gray, 44. There are peculiar reasons why such a rule should prevail in relation to companies formed under such an organization, where the insured unite for the protection of each other, and a lien upon their several estates is created for their mutual security. But it extends much beyond this, and determines the rights of parties under contracts of insurance entered into by an entirely different, or indeed by any, class of underwriters. It is stated as a general principle, which is recognized in all jurisprudence, that a misrepresentation by one party of a fact specifically inquired about by the other, though not material, will have the same effect in exonerating the latter from the contract as if the fact had been material, since by making the inquiry he implies

that he considers it to be so. And this because in making a contract he has a right to his own judgment as to what is material, and to prescribe the terms upon which only he will treat. 1 Phil. Ins. § 542. And to the like effect it is said, that in all cases where this representation is made in reply to inquiries by the underwriter, touching points material to the risk, the representation will avoid the policy, if not substantially true; and that the test of materiality is the probable influence upon the mind of the underwriter. It is sufficient if the fact represented exerted, or may reasonably be presumed to have exerted an influence in inducing him to assume the responsibility. 1 Arnould on Ins. 515, 518. And the propounding of a specific inquiry, and requiring an answer thereto as a part of the basis upon which the contract is to be entered into, and the risk assumed, shows that the underwriter seeks for information by which his judgment shall be guided, or at least affected and influenced in determining whether he will issue a policy. In the case of *Strong* v. *Manuf. Ins. Co.* 10 Pick. 40, the defendants had made a policy upon buildings which were subject to a mortgage of which no notice was given by the insured; for which reason, after a loss had occurred, the defendants claimed to be exonerated from their contract. But the court held otherwise, upon the ground that, in the absence of any inquiry upon the subject, the insured were under no obligation to communicate information of that fact. But the court added that if it was, in the opinion of the underwriters, important and material to the risk to ascertain the nature of the interest intended to be protected by the policy, it must be presumed they would have inserted, in the form of their application, an interrogatory to elicit the desired information; thus distinctly implying that a misrepresentation under such circumstances, in relation to any matter concerning which information was sought, would be fatal to the validity of the contract. The same principle is suggested by the court in the case of *Locke* v. *North Amer. Ins. Co.* 13 Mass. 68, and is recognized in *Richardson* v. *Maine Ins. Co.* 46 Maine, 396.

In this case, it is explicitly stated in the policy that the parties expressly agree that it is made and accepted upon and in

reference to the application filed in the office of the defendants, and to the terms and conditions of insurance which are annexed thereto, and which, among other things, provide that the application and statements contained in it shall be taken to be a part of the contract, and a warranty by the insured. It therefore appears that the defendants not only specifically asked for information concerning the condition of the property, in relation to its being free from, or subject to, incumbrances, but required that the information given in reply should be incorporated into and made part of the contract, and that the assured should bind himself by an absolute warranty that their statements were true. It would be difficult to suppose a case in which it would be more reasonable than in this to presume that the parties applied to sought for information as an important, if not an essential, preliminary to their determination whether they would enter into the contract and assume the risk proposed to them. And if it may be so presumed to have affected their judgment or influenced their action, then upon the principles already stated, and laid down in the authorities above cited, the matter, for the purpose of determining its effect upon the contract in question, must, as to the rights of the insurers, be deemed to be material, and a misrepresentation concerning it consequently avoids the policy.

This conclusion being decisive against the right of the plaintiffs to maintain their action, it is unnecessary to express an opinion in relation to any of the other questions which have been raised upon the statement of facts.

*Judgment for defendants.*